ANDREW B. CROSS *vs.* JOHN McCLENAHAN and R. EMORY McCLENAHAN, Partners.

*Court of Equity—Penalty imposed by Statute of 4 George II, chap. 28—Penalty not enforceable in Equity.*

A Court of equity will not lend its aid to a party, claiming to have leased certain stone quarries, and charging a refusal on the part of the lessees, after due notice in writing, to vacate and surrender the premises, to recover the penalty imposed by the Statute of 4 George II, chap. 28, upon parties wilfully holding over after the expiration of the lease.

An action of debt is the sole remedy provided by the Statute of 4 George II, chap. 28, for the recovery of the penalty which it imposes.

A Court of equity will never assist in enforcing a penalty.

The penalty imposed by the Statute of 4 George II, chap. 28, is "double the yearly value of the lands, tenements or hereditaments, so detained, for so long time as the same are detained," and not double rent.

APPEAL from the Circuit Court for Cecil County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER and IRVING, J., for the appellant, and submitted on brief for the appellees.

*Wm. Irvine Cross* and *E. J. D. Cross,* for the appellant.

*W. J. Jones,* for the appellees.

IRVING, J., delivered the opinion of the Court.

From the affidavits filed in this cause respecting the tardiness in the transmission of the record to this Court, it is evident that the appellant is in nowise chargeable with laches, or fault in the premises, so that the case is properly before us for review.

This is an appeal from a decree of the Circuit Court for Cecil County, sitting in equity, dismissing the appellant's bill of complaint. The bill charges that the appellant owns certain quarries in Cecil County, which, from year to year, for many years, down to and including the year 1870, the appellees have been renting from appellant upon the following terms, to wit, "fifty cents for every perch of stone taken from the quarries of the quality known as 'Dimension Stone;' twenty-five cents for every perch of 'large building stone;' and twelve and one-half cents for every perch of 'small building stone or Rip Rap Stone;'" at which rates for some years the appellees accounted with and paid the appellant. That about the 2nd of June, 1870, the appellant served a legal, written notice on the appellees requiring them to quit the premises at the end of the current year, viz., the 31st of December, 1870. The bill further charges that the appellees did not vacate and surrender the premises in accordance with the notice to quit; but wrongfully continued in possession and held on, and afterwards fraudulently pretended to hold the premises of persons other than the appellant, by reason of which wrongful holding over, retention of possession, and refusal and neglect to account with the complainant, as to the amount and quality of stone taken from the quarries, he is unable to state an account or bring suit at law or distrain for the same. The bill charges that by reason of the wrongful retention of possession by the appellees of appellant's property, they have become liable for double rent, to wit: double the several prices for stone taken from the quarries which by

Cross *vs.* McClenahan & Bro.

the contract of renting they were to pay and render. The prayer is for discovery and an account, that the appellees may be decreed to pay double rent, and such relief as their case may require.

The answer admits in effect, the renting of the property from the appellant, and the payment of rent therefor by a per centage on the stone quarried; and the receiving a notice to quit at the expiration of the year 1870; but they deny that they did not abandon the premises as they were required by the notice to do; on the contrary, they aver that they ceased working the quarries and left nothing on the premises, but an old crane and an old shed or shop which were not worth removing, and that the appellant could, at any time, have entered without molestation into the possession of his premises; but that the appellant was not satisfied with the abstinence of the appellees from working the quarries or interfering with them, and resorted to the provisions of Article 53 of the Code of Public General Laws of Maryland to regain possession which was not denied him. That two justices of the peace caused a jury to be summoned, and a trial was had, and a verdict was rendered that the appellees were not withholding possession from the appellant. It also denies the appellant's title. To this answer a general replication was filed, testimony was taken, and the case proceeded to hearing, and decree, which dismissed the bill.

In the view we take of this case it is unnecessary for us to decide whether the full and unqualified relation of landlord and tenant ever existed between the parties to this suit; or whether the notice given the appellees to quit was a legally sufficient notice, or whether the defendants (appellees) obeyed the notice and abandoned the premises to the appellant, or wrongfully held over as charged in the bill; for, conceding all the allegations of the bill of complaint to be true, they have not made a case which will justify the interposition of a Court of equity. The

relief which the appellant prays is a discovery, and an account of the amount of stone taken from the quarries of the appellant, and that the appellant may have a decree for the payment of double the rates at which the property was rented. By the prayer of the bill he seeks to recover by decree in equity the penalty imposed on the appellees, (for the wrongful conduct of which he complains,) by the Statute of 4 George II, ch. 28. This statute is remedial, with a penalty attached, which is given to the party grieved. *Wilkinson vs. Calley,* 5 *Burr.,* 2694. Double rent is no *payment* as between landlord and tenant, but is given as a penalty. *Alex. Brit. St.,* 709, 710.

The statute provides a *remedy,* by which the *penalty* which the statute imposes may be recovered. That remedy is " by *action of debt,*" and it is the *only* mode provided by which the party aggrieved may get the benefit of its provisions. Special remedies, and more particularly extraordinary ones, and of a penal nature, must be specially and strictly pursued. *Action of debt* being the form of action prescribed for the recovery of the penalty, the facts necessary to recovery must be established in that way. In invoking the aid of a Court of equity to enforce the penalty given him by the statute, the appellant has gone to a tribunal that *never* enforces a penalty. It often relieves against a penalty, (unless it be imposed by a statute, when it will not interfere ;) but it never aids in enforcing a penalty. 2 *Story's Equity Jurisprudence,* secs. 1319, 1326. In sec. 1319, STORY says, " It is a universal rule in equity never to *enforce* either a penalty or a forfeiture." In *Livingston vs. Tompkins,* 4 *Johnson Ch.,* 431, Chancellor KENT, says " It may be laid down as a fundamental doctrine of the Court, that equity does not *assist the recovery* of a penalty or forfeiture." Here the appellant seeks a *discovery,* that he may have a decree for the penalty which the statute gives him. *Such* aid

Cross *vs.* McClenahan & Bro.

a Court of equity will never give. It is laid down as elementary law in 2 *Story's Eq. Juris.,* sec. 1494, that equity "will not compel a discovery in aid of a criminal prosecution, or of a penal action; or of a *suit in its nature partaking of such a character,*" for it is added "it is against the general principles of equity to *aid in* the enforcement of penalties or forfeitures." Again in sec. 1509, it is said that discovery will not lie "in a case which increases a penalty unless the party entitled to the benefit thereof waives it." But if this were not so the appellant does not need the aid of a Court of equity and cannot resort to it. His remedy at law, either by action of trespass, or of debt, under the statute for the penalty, is complete and therefore he has no standing in a Court of equity.

By the statute the penalty, which he is entitled to recover by *action of debt,* (if he is in position to claim the benefit of the statute,) is "*double the yearly value* of the lands, tenements or hereditaments so detained, for so long time as the same are detained," etc. It is the "*double value,*" and not "double rent" which is recoverable; for as is well said by Mr. Alexander in his *British Statutes,* 711, in some cases double rent would be no penalty at all? No case could better illustrate the meaning of the statute than this one. If the tenants neglected to work the quarry to its capacity so that it only yielded a pittance to the landlord, which was, he says, the fact, and caused him to desire the surrender, double that pittance would be no penalty for wilfully keeping him out of possession of his property. It is clearly the *yearly value* which is to be ascertained, and double *that* is what the statute allows to be recovered. This was the construction which was given that language of the statute in *Timmins vs. Rowlinson,* 3 *Burrows,* 1603, and has ever since been followed. It is clear, therefore, that the discovery prayed for would not establish what is to be proved, nor is it a necessary aid to that inquiry; for by the oral testimony of the

parties, as witnesses, he could get all he could secure by the discovery he asks. by his bill. The remedy is clearly at law and law only. The decree dismissing the bill will be affirmed with costs.

*Decree affirmed,*
*with costs.*

(Decided 2nd June, 1880.)